# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | **No. 22-cr-338** |
| | : | |
| ARJUN BINNING | : | |
| | : | |

## ORDER

**AND NOW**, this **5th day of September 2023,** upon consideration of Defendant's Motion

to Dismiss the Indictment (ECF No. 41), it is **hereby ORDERED** that Defendant's Motion is

**DENIED**.[1]

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

[1]    In *Range v. Attorney General*, the en banc Third Circuit held that 18 U.S.C. § 922(g)(1),
the felon-in-possession statute, was unconstitutional as applied to Bryan Range. 69 F.4th 96, 98
(3d Cir. 2023). Mr. Range had pleaded guilty in 1995 to making a false statement to obtain food
stamps in violation of Pennsylvania law—a crime classified as a misdemeanor punishable by up
to five years' imprisonment. *Id.* The Third Circuit, while noting that their decision was "a narrow
one," went through the history-based framework laid out by the Supreme Court in *New York State
Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and explained that in deciding whether
a firearm regulation is constitutional under the Second Amendment, courts must first determine
"whether the text of the Second Amendment applies to a person and his proposed conduct" and,
"if it does, the government must affirmatively prove that its firearms regulation is part of the
historical tradition that delimits the outer bounds of the right to keep and bear arms." 69 F.4th at
101 (citing *Bruen*, 142 S. Ct. at 2127, 2134 – 35) (internal quotation marks omitted). Applying this
framework, the Third Circuit found that 18 U.S.C. § 922(g)(1) as applied to Mr. Range was

unconstitutional because the Government did not affirmatively prove that its firearms regulation is part of the historical tradition of firearm regulation. *Id.* at 106.

The Third Circuit emphasized that their decision in *Range* was "narrow," which makes sense, as it was a civil case with particularly unique and compelling facts. Nonetheless, the decision is resulting in an onslaught of motions to dismiss indictments charging 18 U.S.C. § 922(g)(1)—a charge that occupies a significant amount of this Court's docket. But this Court, following Judge Ambro's concurrence in *Range*, and numerous recent pronouncements by the Supreme Court, does not view *Range* as casting doubt on the presumptive lawfulness of 18 U.S.C. § 922(g)(1); rather, *Range* "speaks only to [Range's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like." 69 F.4th at 110 (Ambro, J., concurring); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons"); *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (noting that the decision does not "disturb[] anything that [the Court] said in *Heller* . . . about restrictions that may be imposed on the carrying of guns"); *see also id.* at 2162 (Kavanaugh, J., concurring) (emphasizing that "the Second Amendment allows a 'variety' of gun regulations," and *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons" (citation omitted)). Accordingly, this Court need not lay out an exhaustive analysis of the history and tradition of the firearm regulation as applied in this case because this case does not represent a case like *Range*; rather it "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring). In this case, the government indicted Mr. Binning for possessing a firearm based on his prior convictions for five counts of aggravated assault stemming from a drive-by shooting in which Mr. Binning was the driver of the vehicle.

Finally, for the reasons stated *United States v. Ames*, this Court does not find Section 922(g)(1) facially unconstitutional. No. 23-178, 2023 WL 5538073, at *3–4 (E.D. Pa. Aug. 28, 2023).