**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-338** |
| | : | |
| **ARJUN BINNING** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                        **OCTOBER 21, 2024**

On March 29, 2023, Defendant Arjun Binning pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  He entered his plea pursuant to a plea agreement made between the parties under Federal Rule of Criminal Procedure 11(c)(1)(C) (*i.e.*, a "C-Plea Agreement").  The C-Plea Agreement provided that the parties "agree[d]" that "a sentence of imprisonment of 42 months, a 3-year period of supervised release, and a fine, if any, to be determined by the Court" was "the appropriate disposition of [Defendant's] case."  ECF No. 30 ¶ 5.  On September 8, 2023, consistent with the C-Plea Agreement, the Court sentenced Defendant to 42 months of imprisonment.

Now, Defendant moves to set aside or reduce his sentence under 28 U.S.C. § 2255 on the grounds that his former counsel, Paul J. Hetznecker, was ineffective.  Defendant asserts three bases for his ineffective assistance of counsel claim: (1) Mr. Hetznecker disregarded an instruction from Defendant to withdraw from his C-Plea Agreement and change to an open plea; (2) Mr. Hetznecker was ineffective for presenting a "generally unheeded" Second Amendment argument in Defendant's Motion to Dismiss Indictment (ECF No. 41) and Defendant's Motion to Withdraw his Guilty Plea (ECF No. 40); and (3) Mr. Hetznecker failed to dispute the "frequently changed" pre-sentence investigation report (the "PSR").  ECF No. 50 (the "Motion") at 6-9.  As further

detailed herein, the Court finds that Mr. Hetznecker was not ineffective.  Accordingly, the Court will deny Defendant's § 2255 motion.

I.    **BACKGROUND**[1]

On June 12, 2022, police officers observed Defendant near 228 N. Paxon Street in West Philadelphia.  ECF No. 29 at 2.  As they drove by, they noticed a bulge in Defendant's waistband area.  *Id.*  After stopping their vehicle, the officer who had been driving the car conducted a frisk of Defendant's person.  *Id.* at 3.  The officer felt a hard object that he believed to be a firearm.  *Id.* Defendant hit the officer's hand away and attempted to flee on foot.  *Id.*  Following a brief pursuit of Defendant, the officers placed him in custody and recovered a semi-automatic pistol from Defendant's waistband.  *Id.*  This arrest followed another conviction of a crime punishable by imprisonment for a term exceeding one year.[2]  *Id.*

On September 27, 2022, a federal grand jury returned an indictment charging Defendant with one count:  possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.  On February 15, 2023, Defendant and the Government entered into a C-Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  ECF No. 30 at 14.  In the Agreement, Defendant agreed to plead guilty to the one count he was charged with.  *Id.* ¶ 1.  The parties also

---

[1] These facts are taken from the Government's Change of Plea memorandum, see ECF No. 29 at 2–4.  Defendant agreed with the statement of facts contained therein during the change of plea hearing held on March 29, 2023.  *See* ECF No. 53 (Tr. of Change of Plea Hr'g) at 19:25–20:7.

[2] In November 2016, Defendant pled guilty to five counts of aggravated assault, conspiracy to commit aggravated assault, and two counts each of carrying a firearm without a license and carrying a firearm in public in Philadelphia.  ECF No. 29 at 2.  He was sentenced in May 2017 to 20-40 years' imprisonment and 20 years' probation, though his sentence was later reduced to 11.5-23 months' confinement and 10 years' probation, and his probation was terminated in August 2021.  *See id.* (citing *Commonwealth v. Binning*, Nos. CP-51-CR-0010382-2015, CP-51-CR-0010383-2015, CP-51-CR-0010384-2015, CP-51-CR-0010385-2015, CP-51-CR-0010386-2015, CP-51-CR-0007278-2016, CP-51-CR-0007279-2016).  Therefore, the defendant was prohibited from possessing a firearm.  *See* 18 U.S.C. § 922(g)(1).

agreed that "the following specific sentence is the appropriate disposition of this case: a sentence of imprisonment of 42 months, a 3-year period of supervised release, and a fine, if any, to be determined by the Court." *Id.* ¶ 5.

On March 29, 2023, Defendant appeared before the Court for an in-person change of plea hearing. ECF No. 53. During the hearing, Defendant pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *Id.* at 21:4–9. Defendant also confirmed that (i) he voluntarily signed the C-Plea Agreement; (ii) he had an opportunity to read it and discuss it with his attorney; (iii) it represents his full agreement with the Government; and (iv) he understood the terms of the C-Plea Agreement. *Id.* at 6:1-18, 8:22-9:21. He also stated that he was satisfied with his counsel's representation. *Id.* at 5:19-25.

On June 28, 2023, the Probation Office prepared a PSR. The PSR was revised and re-issued on August 24, 2023. Neither the Government nor Defendant lodged any objections to the PSR.

On September 5, 2023, Mr. Hetznecker filed (1) a Motion to Dismiss the Indictment and (2) a Motion to Withdraw Defendant's Guilty Plea. ECF No. 40; ECF No. 41; ECF No. 55-1 ¶ 5. In the Motion to Dismiss, Mr. Hetznecker, on behalf of Defendant, argued that the statute with which Defendant was charged, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to Defendant under the Second Amendment given two landmark opinions by the Supreme Court and the Third Circuit: *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") and *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) ("*Range*").[3] *See* ECF No. 41. In

---

[3] On July 2, 2024, the Supreme Court vacated *Range* and remanded the case to the Third Circuit for further consideration in light of *United States v. Rahimi*, 144 S.Ct. 1889 (2024). *See Garland v. Range*, 144 S. Ct. 2706 (2024) (mem.). However, when Mr. Hetznecker filed the Motion to

the Motion to Withdraw, Mr. Hetznecker argued that pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), Defendant was entitled to withdraw his guilty plea because he "can show a fair and just reason for requesting the withdrawal":  the intervening change of law due to *Bruen* and *Range*.  *See* ECF No. 40.  On September 6, 2023, the Court denied both motions.  ECF Nos. 42, 43.

On September 8, 2023, Defendant appeared before the Court for his sentencing hearing, which was held in person.  ECF Nos. 45, 48.  During the hearing, notwithstanding the Court's denial of his motion, Mr. Hetznecker put on the record his argument regarding the applicability of the Third Circuit's opinion in *Range*.  ECF No. 48 (Sentencing Tr.) at 7:18–11:4.  At the end of the hearing, after reviewing the sentencing factors under 18 U.S.C. § 3553(a), Defendant was sentenced to 42 months' imprisonment, which was in accordance with the range included in his C-Plea Agreement.  *Id.* at 43:15–47:15; ECF No. 30 ¶ 5.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, "a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting 28 U.S.C. § 2255).  Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Gordon*, 979 F.

---

Dismiss Defendant's Indictment and Motion to Withdraw Defendant's Guilty Plea, *Range* was still good law, and in fact, only recently decided.

Supp. 337, 339 (E.D. Pa. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).   In evaluating requests for relief under Section 2255, courts "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (internal quotation marks and citations omitted).

## III.     DISCUSSION

### A.     Mr. Hetznecker was not ineffective.

Under the Sixth Amendment, "[b]efore deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *See Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (citations omitted); *Strickland v. Washington*, 466 U.S. 668, 686, 689 (1984).   To establish an ineffective assistance of counsel claim, Defendant must show that "(1) that [his] counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced [the defendant]." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 689–92).

"The first prong—constitutional deficiency—is necessarily linked to the practice and expectations of the legal community:  'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Padilla*, 559 U.S. at 366.  In making this evaluation, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and courts must be "'highly deferential' to counsel's reasonable strategic decisions." *Marshall v. Hendricks*, 307 F.3d 36, 85–86, 105 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 687, 689–90).  On the second prong—prejudice—Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694.  Defendant must prove both prongs to establish an ineffective assistance of counsel claim.  *See id.*

Here, Defendant's ineffective assistance of counsel claim rests on three grounds.  First, Defendant claims that his former counsel was ineffective because counsel disregarded an instruction from Defendant to withdraw from the C-Plea Agreement and change to an open plea. ECF No. 50 at 6.  Second, Defendant argues that his former counsel was ineffective because he "presented a Second Amendment argument to the Court [that is] generally unheeded." *Id.* at 7. Finally, Defendant asserts that his former counsel failed to dispute the frequently changed PSR while the plea negotiations were occurring.  *Id.* at 9.

As discussed further below, Defendant fails to establish both prongs on each of the three grounds for his ineffective assistance of counsel claim.  None of the grounds Defendant raises indicate that his former counsel acted deficiently.  Even assuming deficient performance, none of the grounds establish a reasonable probability that, but for counsel's assumed unprofessional errors, Defendant would have received a lower sentence.

### 1. Mr. Hetznecker's purported failure to withdraw from the C-Plea Agreement in exchange for an open plea was neither deficient nor prejudicial.

Defendant first asserts that his counsel, Mr. Hetznecker, was ineffective because he "disregarded [Defendant's] instruction to change [his C-Plea] to an open plea."  ECF No. 50 at 6. This argument fails both *Strickland* prongs.

First, the record does not support a finding that Mr. Hetznecker performed deficiently because there is no evidence that he "disregarded" Defendant's instruction to withdraw from the C-Plea Agreement and instead enter an open plea.  If anything, the record demonstrates the opposite.  At his change of plea hearing, Defendant confirmed that (i) he voluntarily signed the C-Plea Agreement; (ii) he had an opportunity to read it and discuss it with his attorney; (iii) he

understood its terms and it represented his full agreement with the Government; and (iv) he was satisfied with his counsel's representation. ECF No. 53 (COP Tr.) at 6:1-18, 5:19-25, 8:22-9:21. Prior to his sentencing, Defendant and Mr. Hetznecker discussed whether Defendant should withdraw from the C-Plea Agreement, and they both agreed that Mr. Hetznecker would move to withdraw from the C-Plea Agreement if the Probation Office concluded that the applicable guideline range was 18-24 months in the final PSR. Hetznecker Aff. ¶ 4. However, ultimately, the Probation Office calculated a guideline range of 37-46 months, and Defendant instructed Mr. Hetznecker to adhere to the parties' C-Plea Agreement, which provided for 42 months of imprisonment. *Id.* During his allocution at his sentencing hearing, Defendant expressed that he "appreciate[d]" the C-Plea. *See* ECF No. 48 (Sentencing Tr.) at 43:9-10 ("I appreciate the C plea and everything that's been done for me.").

In short, Defendant had every opportunity from the point of entering into the C-Plea Agreement until sentencing to reject and withdraw from the C-Plea Agreement, and he had every opportunity to indicate to his counsel—or the Court—that he wanted an open plea. He did no such thing. Instead, he knowingly and voluntarily chose to proceed with the C-Plea Agreement instead of an open plea, and his former counsel acted accordingly. On those facts, Defendant cannot show that his counsel performed deficiently.[4] *Cf. United States v. Johnson*, No. CIV.A. 13-1065, 2013 WL 4501055, at *4–5 (E.D. Pa. Aug. 23, 2013) (denying ineffective assistance of counsel claim that trial counsel was ineffective for failing to properly advise the defendant about his options to

---

[4] The Court recognizes that Defendant's father, Dr. Chhinder Binning, has submitted an affidavit in support of Defendant's § 2255 Motion. ECF No. 56. In the affidavit, Dr. Binning swears, among other things, that "from April onwards," Defendant told Mr. Hetznecker that "he would like to change his plea to an open one and take his chances." *Id.* ¶ 5. However, given that Dr. Binning is neither a party nor a party's representative, the Court affords Dr. Binning's representations very little weight.

pursue an open guilty plea or a plea bargain where the record demonstrated that counsel advised the defendant of all options, but defendant "knowingly and voluntarily chose to go to trial").

Second, Defendant cannot establish prejudice. Even assuming that his counsel was deficient, Defendant cannot show a reasonable probability that the sentence imposed—42 months in custody—would have been different had Defendant switched to an open plea. The Court considers the same factors in issuing a sentence—such as the sentencing guideline range, the § 3553(a) sentencing factors, and witness statements—regardless of whether it sentences a defendant pursuant to an open plea or a C-Plea Agreement. In the instant case, after careful consideration of these factors, the Court determined that the 42-month sentence, which fell squarely within the applicable sentencing guidelines, was appropriate. *See, e.g.*, ECF No. 48 (Sentencing Tr.) at 45:21-25 ("The need for you under these circumstances, given the prior crime and where you are, possessing that firearm in that neighborhood, I think that the C plea agreement fits what needs to be here."). Moreover, despite the C-Plea Agreement, the Court could have departed downward, but it did not do so. Accordingly, Defendant has failed to establish that there is a reasonable probability that counsel's alleged failure to withdraw Defendant from his C-Plea Agreement and instead enter an open plea would have resulted in a different outcome and, thus, has failed to establish prejudice. *Cf. Sims v. United States*, No. 11–2267, 2012 WL 1207202, at *2-3 (D.N.J. Apr. 11, 2012) (finding no prejudice from counsel's purported failure to advise the defendant about possibility of pleading open instead of pursuant to a plea agreement because the "guidelines range would have been the same" and the "Court was free to depart downward despite the plea agreement" but did not do so).

In sum, Defendant's first ground for relief resembles a case of buyer's remorse—not a legitimate claim that his counsel was ineffective.  But dissatisfaction with the end result is not a basis for finding Mr. Hetznecker ineffective under the Sixth Amendment.

> **2. Mr. Hetznecker's preservation of his argument on the Second Amendment was not deficient and, in any event, did not prejudice Defendant.**

Defendant next asserts that his counsel "presented a Second Amendment argument . . . [that is] generally unheeded in the United States District Court for the Eastern District of Pennsylvania, suggesting that such an argument may not be a common or successful legal strategy in said jurisdiction." ECF No. 50 at 7-8.  This ground fails to satisfy both prongs of the *Strickland* test.

On the first prong, Defendant cannot show that Mr. Hetznecker's decision to raise this argument constituted deficient performance.  On the contrary, raising this argument was incumbent on Mr. Hetznecker, as it was his responsibility to preserve the issue for appeal.  This conduct represents strategic forethought on behalf of counsel—not deficient performance.  Moreover, nothing about Mr. Hetznecker's Second Amendment challenge, as contained within Defendant's Motion to Dismiss the Indictment (ECF No. 41), fell below an "objective standard of reasonableness" as *Strickland* requires.  *See Strickland*, 466 U.S. 687–88.  If anything, Mr. Hetznecker's brief in support of Defendant's Motion to Dismiss was thorough—it was thirteen pages long; timely and topical, as it was filed just three months after the *Range* decision; and attempted to distinguish Defendant's case from a contrary ruling by the Court in a case decided the week before.  *See* ECF No. 41.  Mr. Hetznecker's work product is consistent with professional norms.

Nor can Defendant show that raising this argument affected his sentencing or prejudiced him in any way.  As discussed above, the Court's imposed sentence was driven by consideration

of the factors in 18 U.S.C. § 3553(a), among other things—not Mr. Hetznecker's Second Amendment argument. Given that this argument had no impact on Defendant's sentence, Defendant cannot establish prejudice. *Cf. United States v. Parker*, No. 2008-CR-00534, 2011 WL 13277568, at *5 (E.D. Pa. Dec. 19, 2011) ("[T]he alleged error had no impact on his sentence. Defendant cannot show actual prejudice from an alleged sentencing error that did not affect his sentence.").

### 3. Mr. Hetznecker was not deficient by allegedly failing to "dispute" the pre-sentence investigation report, and his decision to not do so was not prejudicial.

Defendant's final argument alleges that Mr. Hetznecker was ineffective by failing to "dispute the frequently changed PSR."[5] ECF No. 50 at 9. But Defendant's assertion is conclusory; he has not explained what Mr. Hetznecker should have disputed or identified any errors in the PSR that would have affected his sentencing. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("Indeed, we have previously held that vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citation omitted)). Accordingly, Defendant has failed to establish that Mr. Hetznecker's alleged failure to "dispute" the PSR constituted deficient performance, or prejudiced Defendant in any way.

### B. Defendant is not entitled to an evidentiary hearing.

Pursuant to 28 U.S.C. § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues

---

[5] More specifically, Binning claims that his former attorney was ineffective because he failed to "dispute the frequently changed [PSR] while the plea negotiations were occurring." ECF No. 50 at 9. Given that a PSR is not issued until after a plea is entered—and therefore was not in existence during the plea negotiations—the Court construes this to mean that Mr. Hetznecker failed to object to the PSR following the change of plea hearing.

and make findings of fact and conclusions of law with respect thereto."  "[The Third Circuit has] interpreted this to mean that where a 'petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.'"  *Tolliver*, 800 F.3d at 141 (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)).  However, where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," courts need not hold an evidentiary hearing.  *See United States v. Campisi*, 583 F.2d 692, 695 (3d Cir. 1978).

Here, for the reasons stated in detail above, the Motion and the record conclusively demonstrate that Defendant's claim has no merit.  Accordingly, no evidentiary hearing is needed.[6]

---

[6] On October 2, 2024, Defendant, through his new counsel, Mr. Carlis, filed a letter with the Court to "request a hearing" under § 2255 on new grounds not mentioned in his Motion:  that "the recidivism score assigned to [Mr. Binning was] disproportionately high and does not accurate reflect [Mr. Binning's] character."  ECF No. 57.  Defendant therefore asks for a hearing "to present additional evidence and arguments that support [this] position and demonstrate [his] commitment to positive change."  *Id.*

In response to Defendant's letter, the Government argues that the request is procedurally defaulted, given that the "recidivism score" argument was not raised on direct appeal and untimely, given § 2255's one-year statute of limitations (which expired on September 22, 2024).  ECF No. 59 at 1–2.  Additionally, the Government argues that Defendant's position on the inaccuracy of the "recidivism score" is meritless because the PSR correctly calculated his criminal history score, and Defendant fails to point to any error in the calculation made.  *Id.* at 2.  The Government also argues that, in any event, any error in calculating the applicable guideline range or a claim that the Court should have imposed a lower sentence cannot support a habeas motion.  *Id.*  Finally, the Government argues that Defendant already had an opportunity to provide the Court with "evidence and arguments" showing his "commitment to positive change" at his sentencing hearing—and Defendant already took that opportunity.  *Id.* (citing ECF No. 55 at 5).

The Court agrees with the Government.  Mr. Carlis's request is procedurally defaulted and meritless for precisely the reasons the Government articulates in its letter response.

**C.    The Court will not issue a certificate of appealability.**

In issuing a final Order denying a Section 2255 motion, the Court must also decide whether to issue or deny a certificate of appealability.  *See* Third Circuit Local Appellate Rule 22.2.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A [movant] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Here, for the reasons set forth above, the Court finds that Defendant has not shown a substantial denial of his Sixth Amendment right to effective counsel.  Moreover, the Court finds that a reasonable jurist would not disagree with the Court's resolution of Defendant's ineffective assistance of counsel claim, or conclude that Defendant's claim should proceed any further.  Therefore, the Court declines to issue a certificate of appealability.

**IV.    CONCLUSION**

For the reasons articulated above, Defendant's § 2255 Motion (ECF No. 50) is denied.  The Court will not hold an evidentiary hearing, and a certificate of appealability will not issue.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**_____**

**CHAD F. KENNEY, JUDGE**